| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>DERRICK HAMILTON,<br>                            Plaintiff,<br><br>          -against-<br><br>ANDREW CUOMO, New York State Attorney General; EDWARD M. RAPPAPORT, Former Supreme Court Justice; CHERYL CHAMBERS, Supreme Court Justice; NEW YORK CITY MUNICIPAL; NEW YORK STATE; THE UNIFIED COURT SYSTEM; CHARLES HYNES, Kings County District Attorney, In Their Individual and Official Capacities,<br><br>                            Defendants.<br>-----------------------------------------------------------x | NOT FOR PUBLICATION<br><br><br><br><br><br>MEMORANDUM<br>AND ORDER<br>08-CV-2142 (JG) |

JOHN GLEESON, United States District Judge:

        Derrick Hamilton, currently incarcerated at the Upstate Correctional Facility, brings this action *pro se* under 42 U.S.C. § 1983.[1] I grant Hamilton's application to proceed *in forma pauperis* for the purpose of this disposition, but dismiss the complaint for the reasons stated below.

## BACKGROUND

        Hamilton's complaint arises out of his indictment and criminal conviction in Kings County Supreme Court related to a murder that occurred in Brooklyn in January of 1991.

---

[1] Hamilton has a long history with this court. *See Hamilton v. Smith*, No. 06-CV-4838 (JG) (E.D.N.Y. Sept. 26, 2006); *Hamilton v. Rappaport*, No. 01-CV-5579 (JG) (E.D.N.Y. Sept. 13, 2001); *Hamilton v. Herbert*, No. 01-CV-1703 (JG) (E.D.N.Y. Jan. 21, 2004); *Hamilton v. Herbert*, No. 01-CV-1871 (JG) (E.D.N.Y. Apr. 20, 2001); *Hamilton v. Donnelly*, No. 99-CV-2306 (JG) (E.D.N.Y. July 7, 1999); *Hamilton v. Appellate Div.*, No. 98-CV-7161 (JG) (E.D.N.Y. June 14, 1999); *Hamilton v. Kelly*, No. 97-CV-1712 (JG) (E.D.N.Y. Dec. 9, 1997); *Hamilton v. Murray*, No. 88-CV-3376 (ERK) (E.D.N.Y. Dec. 10, 1990); *Hamilton v. Murray*, 86-CV-1791 (ERK) (E.D.N.Y. Dec. 7, 1990).

Compl. ¶ 6. Defendant Edward Rappaport, a judge in Kings County Supreme Court, presided over the criminal trial in which Hamilton was convicted of murder in the second degree. Complaint ¶¶ 8, 23. Defendant Cheryl Chambers, also a Kings County Supreme Court Judge, denied Hamilton's post-conviction motions on May 17, 2006. Compl. ¶¶ 9, 28. Hamilton also brings suit against Attorney General Andrew Cuomo, Kings County District Attorney Charles Hynes, the City of New York (sued as "New York City Municipal"), New York State, and the Unified Court System. Hamilton alleges that these defendants violated his constitutional rights during his state court criminal trial and post-conviction proceedings. Compl. ¶¶ 34-40. He alleges, *inter alia*, that the defendants violated his

> constitutional, statutory, and human rights by [their] policy in allowing the judiciary discretion to suspend Hamilton right to have a judicial review that provides the rules of evidence and probative value to (i.e., sworn testimony, police records, transcripts of judicial proceedings), in contrast to conjecture, speculation and innuendo by the defendants.

Compl. ¶ 36. He seeks various forms of injunctive relief. Compl. ¶¶ 41-46.[2]

DISCUSSION

In reviewing Hamilton's complaint, I am mindful that because he is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Furthermore, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, a district court may dismiss a case

---

[2] Although Hamilton's complaint asks this Court to "declare" that certain past acts of the defendants were illegal, I do not construe his complaint as seeking declaratory relief. *See Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553 (Fed. Cir. 1994) (asking the court to "declar[e]" that a given action was a taking and that certain regulations were unconstitutional did not constitute a request for a formal declaration under the Declaratory

brought by a prisoner against a governmental entity or employee if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. An action is frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998).

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Here, even if Hamilton could allege a deprivation of his constitutional rights, he has failed to show that any of the defendants are amenable to suit under § 1983.

A.     *The City of New York*

A municipality such as the City of New York can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The doctrine of *respondeat superior* cannot be used to establish municipal liability. *Richardson v. Nassau County*, 277 F. Supp. 2d 196, 204 (E.D.N.Y. 2003). Here, Hamilton does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any city employee are attributable to a municipal policy or custom. Thus, under the

---

Judgment Act).

teaching of *Monell*, Hamilton has not alleged a cause of action against the City of New York.

B.      *State of New York and Unified Court System*

Hamilton also cannot maintain an action against New York State or the Unified Court System under 42 U.S.C. § 1983.  The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  The Eleventh Amendment bar extends to agencies and officials sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The Unified Court System is not a "person" within the meaning of 42 U.S.C. § 1983.  *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999); *see also Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is part of the "judicial arm of the state of New York" and thus not subject to suit under § 1983).  Therefore, under the Eleventh Amendment, the State of New York is immune from suit, and the Unified Court System, as an agency of the state, is likewise immune from suit.

C.      *Andrew Cuomo and Charles Hynes*

Hamilton's claims against Cuomo and Hynes must fail.  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).  Thus, a plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered."  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Personal involvement of a supervisory official in a civil rights violation may be shown by evidence that: (1) the official participated directly in the violation; (2) the official, after learning of the violation through a report or appeal, failed to remedy the wrong; (3) the official created a policy or custom

4

under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the official was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) the official exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir.2004). Here, Hamilton fails to allege facts to support a claim that defendants Andrew Cuomo and Charles Hynes had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights that would render them liable under § 1983.

D.  *Edward Rappaport and Cheryl Chambers*

Hamilton's claims against Rappaport and Chambers are also dismissed. Under the express language of 42 U.S.C. § 1983, injunctive relief is not available "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." As the allegedly wrongful acts of Judges Rappaport and Chambers in this action were performed in their judicial capacity in connection with plaintiff's state court proceedings, and Hamilton does not suggest that declaratory relief was unavailable in those proceedings, Hamilton's claims against them are foreclosed by the statutory immunity provision of § 1983.

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York

September 9, 2008

_____
JOHN GLEESON
United States District Judge